IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE CASTILO #319-799             *

    Plaintiff,            *
v.                                CIVIL ACTION NO. ELH-11-1296
                                 *

ACTING WARDEN WEBB and
THE ATTORNEY GENERAL OF THE       *
  STATE OF MARYLAND,
                                 *
    Defendants.
                                 *
                                *************

**MEMORANDUM**

      Jose Castillo is presently incarcerated in the Maryland Division of Correction and held at the Maryland Correctional Training Center in Hagerstown (MCTC), where he is serving, *inter alia,* a twenty-five year sentence following his guilty plea on June 10, 2004, to charges of armed carjacking and related offenses. He does not, however, petition this court to attack this or any of his other Maryland convictions.[1] Instead, Castillo's action, filed as a writ of habeas corpus under 28 U.S.C. § 2254,[2] attacks a thirty-three-year sentence imposed on February 13, 2009, in Fairfax County, Virginia.[3]

---

[1] Castillo has a lengthy criminal history in Maryland. *See* http://casesearch.courts.state.md.us/inquiry/inquiry-results.jsp?action=Search&filingDate=&filingStart=&courtSystem=B&filingEnd=&firstName=JOSE&company=N&lastName=CASTILLO&site=CRIMINAL&d-16544-p=4&partyType=&countyName=&middleNam e=

[2] Although Castillo failed to pay the $5.00 filing fee or submit an indigency application, he shall not be required to correct this deficiency.

[3] Castillo indicates he was convicted by a jury of kidnapping, robbery and a handgun violation. ECF No. 1 at 2.

1

Mr. Castillo implies that, while serving his Maryland sentences, the Commonwealth of Virginia lodged a detainer with Maryland Division of Correction officials. When made aware of the detainer, Castillo asked authorities in the Commonwealth to bring him to trial. Based on the papers attached to the instant petition, it appears that he seeks to invoke the protection of the Interstate Agreement on Detainers (IAD).

Under Maryland's codification of the IAD, when an out-of-state detainer is lodged against a prisoner in the custody of the Maryland Division of Correction, he or she may make a formal request for disposition of the charges. If the prisoner is not brought to trial within 180 days after the filing of the request for disposition, the charges may be dismissed by the court in which they are pending. *See* Md. Correctional Services Article §§ 8-405-406 (formerly Md. Ann. Code, Art. 27, §§ 616D and 616E).

Castillo contends that when Commonwealth authorities failed to bring him to trial in a timely manner, the charges were dropped, without his knowledge, and new charges were filed. He argues that the Commonwealth's failure to notify him that the original charges and detainer were dropped amounted to an impermissible violation of the IAD 180-day speedy trial rule, under *United States v. Cephas*, 937 F.2d 816, 821 (2d Cir. 1991). Castillo also seeks invalidation of his Virginia conviction on other grounds based on specific allegations of trial court error.

The Interstate Agreement on Detainers is a compact entered into by the states, the United States, and the District of Columbia to establish procedures for resolution of one state's outstanding charges against a prisoner of another state. *See New York v. Hill*, 528 U.S. 110, 111 (2000). Violations of the IAD may be adjudicated by a petitioner seeking relief under 28 U.S.C.

§2241, after the petitioner first exhausts available state court remedies.[4]  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).  Subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where a petitioner is incarcerated or in the federal district court where a petitioner's custodian is located.  *See Braden,* 410 U.S. at 488-89.

Examination of the court docket reveals that Castillo never sought § 2241 relief in the District of Maryland prior to his transfer to the Commonwealth, where he was tried and convicted.  As Castillo has already been tried and convicted in the Commonwealth, his ability to litigate IAD issues in this jurisdiction under § 2241 is unavailing.  Instead, he must seek relief from his Virginia conviction in the state and federal courts within the Commonwealth.

As it appears Castillo has exhausted his available state remedies (ECF No. 1 at 2-5), he may wish to pursue habeas corpus relief, under 28 U.S.C. § 2254, in the appropriate federal forum.  Accordingly, in the interest of justice, a separate order shall be entered transferring this case under 28 U.S.C. § 1404 to the United States District Court for the Eastern District of Virginia.

/s/
Ellen L. Hollander
United States District Judge

---

[4] In cases involving detainers for untried criminal charges this means, at a minimum, a) making a formal request for disposition under the IAD; 2) if not brought to trial within the specified time, filing a motion to dismiss in the state court proceedings; and 3) if an appeal is allowed by state law of the ruling on the motion to dismiss, appealing that decision to the highest state court with jurisdiction to hear the appeal.